UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| NINA SHAHIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 07-452 GMS/LPS |
| ) | |
| STATE OF DELAWARE, and ) | |
| DEPARTMENT OF TRANSPORTATION, ) | |
| ) | |
| Defendants. ) | |

**STATE OF DELAWARE AND DEPARTMENT OF TRANSPORTATION'S ANSWER OPPOSING PLAINTIFF'S MOTION TO JOIN OTHER PARTIES AND AMENDMENT OF PLEADINGS**

NOW COME Defendants the State of Delaware and the Department of Transportation ("State Defendants"), by and through counsel, and hereby oppose Plaintiff's Motion to Join Other Parties and Amendment of Pleadings, filed May 20, 2008 ("Motion") (D.I. 17) and state:

1. On or about July 20, 2007, Plaintiff filed her Complaint against the above State Defendants, in which she alleges age discrimination, concerning her application for a position of Assistant Director Financial Management with the Delaware Department of Transportation, in which Plaintiff alleges she was evaluated at 75% and not afforded an interview. (D.I. 2).

2. On February 19, 2008, State Defendants filed their Answer to the Complaint. (D.I. 14).

3. On February 20, 2008, this Honorable Court entered a Scheduling Order (D.I. 15), which includes the following deadlines:

    a.    April 21, 2008: All motions to join parties and amend pleadings to be filed;
    b.    August 21, 2008: All discovery to be completed;
    c.    October 21, 2008: All motions for summary judgment to be filed.

4.  In her Motion, Plaintiff requests that: (a) all of her six lawsuits currently pending against various, different agencies of the State of Delaware be joined into one lawsuit; (b) a new schedule for discovery for all of the lawsuits be established; and (c) her pleadings be amended to include the granting of relief as may be appropriate including injunctive orders, damages and costs. (D.I. 17).

5.  Plaintiff's "motion to join" is, in reality, a Motion to Consolidate. *Fed. R. Civ. Pro.* 42(a). A prerequisite to any consolidation of actions is a common question of law or fact. *Abbott Diabetes Care, Inc. v. DexCom, Inc.*, 2007 WL 2892707 at 3 (D. Del. Sept. 30, 2007) (citation omitted); *Tracinda Corp. v. DaimlerChrysler AG*, 2001 WL 849736 at 1 (D. Del. July 26, 2001); *Rohm and Haas Co. v. Mobil Oil Corp.*, 525 F.Supp. 1298 at 1309 (D. Del. 1981) "This rule affords the district court discretion concerning the purposes and scope of consolidation." *Dow Chemical Co. v. Reinhard*, 2007 WL 3379688 at 3 (E.D. Mich. Nov. 13, 2007) (citation omitted).

6.  Plaintiff has made no allegation or argument or offered no reason as to the basis for her request to consolidate her six lawsuits. (D.I. 17). Also, Plaintiff has not met any burden as to meeting the standard for consolidation, including the existence of "common questions of law or fact." *Borough of Olyphant v. PPL Corp.*, 2005 WL 2673489 at 3 ($3^d$ Cir. Oct. 20, 2005) (moving party bears burden of proof); *Dow Chemical, supra*. Indeed, the facts differ with respect to each of Plaintiff's cases. In the case at bar, Plaintiff alleges age discrimination concerning her application for a position as Assistant Director Financial Management with the Department of Transportation. Each of Plaintiff's cases involves different State agencies, different job postings, different applicants, different State employees as witnesses, and different facts concerning

Plaintiff's applications for employment.[1]  Clearly, evidence would be presented concerning factual circumstances for this case that would not be relevant to Plaintiff's five other cases. Therefore, consolidation should be denied. *Richardson v. U.S. Airways Group, Inc., et al.*, 2001 WL 849701 at 2 (E.D. Pa. July 16, 2001).

7.  Additionally, consolidation would not provide expeditious results, conservation of resources, or avoidance of inconsistent results. *Dow Chemical, supra.* The Delaware Department of Transportation is a State agency separate and apart from other State agencies. Because there are different State agencies and different positions at issue here, there will be different witnesses for each of the different positions for each of Plaintiff's lawsuits. To the contrary, consolidation would prevent expeditious results.

8.  Further, consolidation here would produce an unreasonably complicated trial that would prejudice the rights of the Delaware Department of Transportation. *Richardson, supra.* Different witnesses and their testimony for each of the different positions and lawsuits would be presented, and likely create confusion in the minds of potential jurors, which certainly outweighs the benefit of any possible convenience or economy to be obtained from consolidation. *Id.* Consolidating the actions would be highly prejudicial to the Delaware Department of Transportation here in that a jury may fail to realize that evidence by one witness in one case would not prove or disprove a contention in another of Plaintiff's several cases being tried at the same time. For example, there is one position that is the basis of Plaintiff's case here involving the

---

[1]  The facts differ from Plaintiff's other pending suits against other State agencies. *See, e.g.*, *Shahin v. State of Delaware, Dept. of Transportation*, C.A. No. 07-641 GMS (alleged national origin and age discrimination for Accountant posting); *Shahin v. State of Delaware, Dept. of Corporations*, C.A. No. 07-642 GMS (alleged national origin and age discrimination for Corporate Administrator posting and five temporary positions of Corporate Assistants); *Shahin v. State of Delaware, Office of Management and Budget*, C.A. No. 07-643 GMS (alleged national origin and age for position of Senior Accountant); *Shahin v. State of Delaware, Dept. of Finance*, C.A. No. 07-644 GMS (alleged national original and age discrimination from 2005-2006 for postings of Accountant II, Accountant IX (4 positions) and Accountant V);and *Shahin v. State of Delaware, Dept. of Finance*, C.A. No. 06-289 GMS (alleged age discrimination).

Department of Transportation; however, there are at least three positions concerning Plaintiff's case against the Department of Finance in *Shahin v. State of Delaware, Dept. of Finance*, C.A. No. 07-644 GMS.

9. Also, this Honorable Court has already entered varying Scheduling Orders concerning Plaintiff's cases or otherwise may be in different procedural postures. *See, e.g., Shahin v. State of Delaware, Dept. of Finance*, C.A No. 06-289 GMS.[2]

10. Last, Plaintiff's Motion was filed May 20, 2008, a month well-after the Scheduling Order deadline of April 21, 2008 for moving to join other parties and amend the pleadings. (D.I. 15).

WHEREFORE, Defendants State of Delaware and the Department of Transportation request that Plaintiff's Motion to Join Other Parties and Amendment of Pleadings be denied.

Respectfully submitted,

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/ Frederick H. Schranck
Frederick H. Schranck (DE I.D.# 925)
Deputy Attorney General
800 Bay Rd., P.O. Box 778
Dover, DE 19903
(302) 760-2020

*/s/ Laura L. Gerard*
Laura L. Gerard (DE I.D. #3202)
Deputy Attorney General
820 North French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
Attorneys for State of Delaware and
Delaware Dept. of Transportation

Dated: June 10, 2008

---

[2] This Honorable Court dismissed most of Plaintiff's claims in that case except to the extent Plaintiff is seeking prospective injunctive relief against the Dept. of Finance; a Motion for Reargument on that issue is pending. It appears that Plaintiff has an unfortunate history with this Court and the Courts of this State, including a recent award of attorney's fees against her for repeated, meritless litigation. *Shahin v. Del-One Delaware Federal Credit Union*, --- WL ----, No. 93-2007 (Del. June 9, 2008).

# CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2008, I electronically filed the attached State of Delaware, Department of Transportation's Answer Opposing Plaintiff's Motion to Join Other Parties and Amendment of Pleadings, with the Clerk of Court using CM/ECF and mailed by United States Postal Service, the document(s) to the following non-registered participants:

<u>By U.S. Mail, first class (2 copies):</u>
Ms. Nina Shahin
103 Shinnecock Rd.
Dover, DE 19904

                STATE OF DELAWARE
                DEPARTMENT OF JUSTICE

                */s/ Laura L. Gerard*
                Laura L. Gerard (DE I.D. #3202)
                Deputy Attorney General
                Carvel State Office Building
                820 North French Street, 6th Floor
                Wilmington, DE 19801
                (302) 577-8400
                Laura.Gerard@state.de.us