IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NINA SHAHIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-452-GMS |
| | ) |
| STATE OF DELAWARE and | ) |
| DEPARTMENT OF TRANSPORTATION, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

## I. BACKGROUND

The plaintiff, Nina Shahin ("Shahin), filed this lawsuit alleging employment

discrimination by reason of age. (D.I. 2.) She appears *pro se* and was granted permission to

proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 4.) Shahin alleges that the

defendants, the State of Delaware and the Department of Transportation (collectively the

"State"), discriminated against her on the basis of her age when they failed to employ her. The

State moves to dismiss pursuant to Fed. R. Civ. P. 37 and 41(b) and Local Rule 41.1. (D.I. 22.)

## II. STANDARD OF REVIEW

Under Rule 37, a court may dismiss an action where a party refuses to cooperate in

discovery. "If a party . . . fails . . . to appear for that person's deposition, . . . or to serve its

answers, objections, or written response [to interrogatories or a request for production] . . . then

the court may [order sanctions] . . . listed in Rule 37(b)(2)(A)(i)-(vi)." Fed. R. Civ. P. 37(d).

Rule 37(b)(2)(C) of the Federal Rules of Civil Procedure authorizes a district court to dismiss an

action should a party fail to obey an order to provide or permit discovery. *Wallace v. Graphic Mgmt. Associates*, 197 F. App'x 138, 141 (3d Cir. 2006) (not reported). Rule 41(b) provides that a defendant may move to dismiss an action if the plaintiff fails to prosecute or to comply with the Federal Rules of Civil Procedure or a court order. Fed. R. Civ. P. 41(b). Finally, Local Rule 41.1 provides for dismissal for failure to prosecute.

"[D]ismissal is a harsh remedy and should be resorted to only in extreme cases," but "[d]istrict court judges, confronted with litigants who flagrantly violate or ignore court orders, often have no appropriate or efficacious recourse other than dismissal of the complaint with prejudice." *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992); (internal quotations omitted); *see Torres v. Amerada Hess Corp.*, 240 F. App'x 946, 954 (3d Cir. 2007) (not reported). "In certain cases, [dismissal] is a necessary tool to punish parties who fail to comply with the discovery process and to deter future abuses." *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976).

In order to determine whether dismissal is an appropriate sanction, the court weighs six factors as set forth in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984), as follows: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. *Poulis*, 747 F.2d at 867; *see also Wallace v. Graphic Mgmt Associates*, 197 F. App'x 138 (3d Cir. 2006). The court must balance the factors and need not find that all of them weigh against Shahin to dismiss the action.

-2-

*Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002). Because dismissal for failure to prosecute involves a factual inquiry, it can be appropriate even if some of *Poulis* factors are not satisfied. *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1998).

## III. DISCUSSION

The record reflects that the court entered a scheduling order on February 20, 2008. All discovery was to be completed by August 21, 2008 and summary judgment motions were to be filed by October 21, 2008. (D.I. 15.) Shahin has filed several lawsuits and on May 20, 2008, filed motions to consolidate the cases. (*See* D.I. 17.) The State served discovery requests upon Shahin on June 10, 2008. (D.I. 21.) When Shahin did not timely respond to the discovery requests, the State corresponded with her on two occasions, July 22, 2008 and July 25, 2008, in an effort to obtain the discovery. (*Id.*) She responded to the July 22, 2008 letter stating that she had several lawsuits pending, did not have the time or the money to respond to the discovery, and would wait for the court's ruling on her motion to consolidate before providing discovery. (*Id.*) She did not respond to the July 25, 2008 letter. The State then filed a motion to compel on August 19, 2008. (*Id.*) Shahin did not respond to the motion. The record does not reflect that Shahin sought any discovery from the State. All deadlines have passed, and on the date that the State filed this motion, October 22, 2008, the deadline for filing summary judgment motions had also passed.

Shahin objects to the motion to dismiss on the grounds that the "rules do not apply to her case because of the state at which the case is presently in." (D.I. 23.) Shahin contends that the motion was filed without relevance to the rules invoked and its only purpose is to harass and intimidate her. She then goes on to question the "professional honesty and underlying motives"

of defense counsel.

Initially the court notes that Shahin, like any other party who files a case in federal court, must abide by the rules that govern practice before the court – in this instance, the Federal Rules of Civil Procedure. The court turns to the *Poulis* factors to determine, if as the State contends, dismissal is warranted. First, as a *pro se* litigant, Shahin is solely responsible for prosecuting her claim. *Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 920 (3d Cir. 1992). Thus, the failure to respond to discovery requests is directly attributable to her.

Second, the State is prejudiced by Shahin's failure to provide discovery as her failure precludes the State from fully preparing for trial. Indeed, even when the matter was brought to her attention, Shahin failed to cooperate with discovery. Prejudice occurs when a plaintiff's failure to prosecute burdens the defendant's ability to prepare for trial. *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222-23 (3d Cir. 2003).

As to the third factor, there appears to be a history of dilatoriness. Shahin failed to respond to discovery, conducted no discovery herself, and failed to respond to the State's motion to compel. Thus, the third factor weighs in favor of dismissal.

As to the fourth factor, the court cannot say whether Shahin's failure to prosecute is willful or in bad faith. The court notes, however, that she relies upon her many lawsuits to excuse her from prosecuting the case at bar and that she misinterprets, either intentionally or unintentionally, the rules in an effort to excuse herself from compliance with them.

As to the fifth factor, there are no alternative sanctions the court could effectively impose. Because Shahin proceeds *pro se* and *in forma pauperis*, it is doubtful that monetary sanctions would be effective. Precluding Shahin from presenting certain evidence would not mitigate the

-4-

prejudice of the State's lack of discovery. For the same reason, granting summary judgment in favor of the State or forbidding Shahin from pursuing further discovery would have the same effect as dismissal given the sparse record. Additionally, granting attorney's fees would be ineffective because it would not counterbalance the State's need to prepare its defense.

Finally, based upon the record before the court, Shahin's claim is not meritorious. Shahin alleges age discrimination pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623. The defendants are the State of Delaware and its agency the Department of Transportation. The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the kind of relief sought. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). The State has not waived its sovereign immunity under the Eleventh Amendment. *See Rodriguez v. Stevenson,* 243 F. Supp. 2d 58, 63 (D. Del. 2002). Also, Congress did not validly abrogate the States' sovereign immunity to ADEA suits filed by private individuals. *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 91 (2000). Absent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant, even a claim seeking injunctive relief. *Alabama v. Pugh*, 438 U.S. 781 (1978) (per curia); *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981).

For the foregoing reasons, the court finds that the *Poulis* factors weigh in favor of dismissal as an appropriate sanction. Accordingly, the court finds that dismissal with prejudice is appropriate under the *Poulis* test and will grant the State's motion to dismiss.

## V. CONCLUSION

For the above reasons, the court will grant the State's motion to dismiss. (D.I. 22.) The

court will deny as moot the remaining pending motions.  (D.I. 17, 21, 25.)  An appropriate order

will be entered.

CHIEF, UNITED STATES DISTRICT JUDGE

_____, 2009

Wilmington, Delaware

-6-

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

NINA SHAHIN,                                        )
                                                    )
                    Plaintiff,                      )
                                                    )
         v.                                         ) Civil Action No. 07-452-GMS
                                                    )
STATE OF DELAWARE and                               )
DEPARTMENT OF TRANSPORTATION,                       )
                                                    )
                    Defendants.                     )

**ORDER**

NOW THEREFORE, at Wilmington this 26th day of _____ Feb. _____, 2009,

IT IS HEREBY ORDERED that:

1. The State of Delaware and Department of Transportation's motion to dismiss is **granted**. (D.I. 22.)

2. All other pending motions are **denied** as **moot**. (D.I. 17, 21, 25.)

3. The clerk of the court is directed to **close** the case.

CHIEF, UNITED STATES DISTRICT JUDGE